Matthew M. Levy, J.
Pursuant to final concurrent resolutions of the Assembly and Senate adopted March 24, 1955, and March 29, 1955, the Legislature proposed an amendment to *38 article VII of the State Constitution by adding a new section to that article (upon which proposal the People of the State will vote at the general election in November, 1955) to read as follows : “ § 19. The legislature may authorize by law the creation of a debt or debts of the state, not exceeding in the aggregate seven hundred fifty million dollars, to provide moneys for the construction, reconstruction or improvement of state highways, state parkways, state arterial highways in cities and related facilities and structures thereon; for the construction or reconstruction of structures separating highways and railroads, in any case where the expense thereof is to be paid in whole or in part by the state; and for acquisition of real property therefor. The provisions of this article, not inconsistent with this section, relating to the issuance of bonds for a debt or debts of the state and the maturity and payment thereof, shall apply to a state debt or debts created pursuant to this section; except that the law authorizing the contracting of such debt or debts shall take effect without submission to the people pursuant to section eleven of this article.” (Assem. Intro. No. 2216, Assem. Print No. 3363).
Section 68 of the Election Law requires the Secretary of State, at least three months prior to the general election, to transmit to the several boards of elections “ a certified copy of the text of such amendment, proposition or question, a statement of the form in which it is to be submitted ’ ’. The section further provides that: “ In addition to the text, such copy shall contain an abstract of such proposed amendment, proposition or question, prepared by the secretary, concisely stating the purpose and effect thereof.”
Prior to August 8, 1955, the Secretary of State, with the advice and counsel of the Attorney-General, caused to be prepared a text of the proposed amendment, a statement of the form in which it is to be submitted to the People and an abstract of the proposed amendment stating its purpose and effect, as required by section 68 of the Election Law. The abstract states: The purpose and effect of this proposed amendment is to provide that the legislature may authorize by law, which shall take effect without referendum, the creation of a debt or debts of the state, not exceeding in the aggregate seven hundred fifty million dollars for the construction and reconstruction of state highways, state parkways, state arterial highways in cities and related facilities and structures thereon; for the construction or reconstruction of structures separating highways and railroads, in any case where the expense thereof is to be paid *39 in whole or in part by the state; and for acquisition of real property therefor.” In addition, in compliance with section 72 of the Election Law, the Secretary of State proposes (beginning October 24, 1955) to publish in various newspapers of the State copies of such abstract, together with a brief statement of the law or proceedings authorizing its submission.
At the legislative session in 1955, the following laws were enacted: (a) chapter 754 of the Laws of 1955, which amended the Tax Law so as to impose an additional tax at the rate of three cents per gallon upon diesel motor fuel oil sold within the State; (b) chapter 755 of the Laws of 1955, which amended the Tax Law so as to impose an additional tax at the rate of two cents per gallon upon motor fuel, including gasoline, sold within the state; (c) chapter 179 of the Laws of 1955, which amended the State Finance Law so as to provide for the issuance of State Bonds for highway purposes; (d) chapter 829 of the Laws of 1955, which amended the State Finance Law by inserting therein a new section 90 establishing in the custody of the State Comptroller a special account to be known as the highway construction bond account; and (e) chapter 757 of the Laws of 1955, which authorized the State to incur an additional debt in the amount of $50,000,000. These enactments are to become effective January 1, 1956, provided the proposed constitutiohal amendment be approved by the People of the State at the general election to be held on November 8, 1955.
Alleging that the abstract fails to comply with the provisions of section 68 of the Election Law in that it does not state that one of the effects of the adoption of the proposed amendment would be to increase the State debt and to impose special taxes upon motor fuel and diesel fuel oil sold within the State of New York, the petitioner moves, pursuant to article 78 of the Civil Practice Act, for an order directing the Secretary of State of the State of New York to prepare and transmit to the several Boards of Elections in the State of New York an amended abstract “ correctly ” setting forth “ the purpose and effect ” of the proposed amendment under the provisions of chapters 179, 754, 755, 757 and 829 of the Laws of 1955; and directing the respondent to state such purpose and effect in the abstract to be published by him under section 72 of the Election Law. The petitioner expressly disavows any intent to claim that the Legislature has exceeded its constitutional authority in making the effect of the taxing statutes conditional upon the electoral approval of the constitutional amendment.
*40 A number of issues have been raised by the respondent in opposition to the application. I shall not touch upon all of them. I have come to the conclusion that there is no merit in the petition and that it should be denied.
It seems quite plain to me that the statement of a proposal for constitutional amendment to permit flotation of a bond needs nothing more for the statement of its “ purpose and effect.” At once, it implies and predicates an extension of indebtedness and the need for means for its liquidation. The additional feature of tax resort for liquidation of the debt in no way enters into the “ purpose and effect ” of the proposed constitutional amendment.
The petitioner is able to argue that the debt to be created is not to be serviced out of general funds but rather by means of a special tax only. Doubtless the history of the proposal (see Report of the New York State Temporary Highway Finance Planning Comm., N. Y. Legis. Doc., 1954, No. 38; Senate Intro. No. 1261, Senate Print No. 1315 [1955]; Assembly Intro. No. 1609, Assembly Print No. 1638 [1955]), and the statutes enacted to take effect conditional upon the adoption of the constitutional amendment make it clear that there will be (at least until the Legislature changes its mind) increased taxes upon motor fuel and diesel fuel oil sold within this State. But the difficulty with the petitioner’s contentions is that there is no authority for consideration and contemplation of two proposals or two bills or the mixture of one proposal and one or more bills in the statement of “ purpose and effect ”. The requirement is for the statement of the “ purpose and effect ” of a single proposal. The law does not say that the abstract shall contain a statement of the “ purpose and effect ” of related legislation. What is required is that the “ abstract of such proposed amendment [shall] * * * concisely [state] * * the purpose and effect thereof ” (emphasis supplied). The present abstract does just that, and the collateral consequences — not appearing within the four corners of the proposed constitutional amendment — need not be included in the abstract.
A proposed constitutional amendment may be offered to the People either in the absence of any tax legislation already enacted; or, as in this instance, upon the simultaneous effectiveness of the legislation; or, after the approval by the electorate, special legislation may become enacted. There is no legal basis for the suggestion that the abstract statement of the proposal in its terms will differ, depending upon which of the foregoing chronologies obtains. The circumstance here happens to be that *41 the tax legislation was adopted prior to approval of the proposed amendment. Legal argument cannot be based, nor can mandamus issue, upon such happenstance.
The motion is denied and the petition dismissed. Order signed.